IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JESSE ROGERS, #72203**                                                                       **PETITIONER**

**v.**                                **No. 4:07CV61-P-S**

**MDOC, ET AL.**                  **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jesse Rogers for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and Rogers has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as procedurally barred.

**Facts and Procedural Posture**

Jesse Rogers is in the custody of the Mississippi Department of Corrections and currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. Rogers challenges the state's computation of the sentences he received in three separate convictions in the Circuit Court of Humphreys County, Mississippi. On February 28, 1989, in Cause Nos.4313 and 4333, Rogers pled guilty to one count of sale of marijuana (Count I) and two counts of sale of cocaine (Counts II and III). He was sentenced on Counts I and II (Cause No. 4333) to twenty-five years in the custody of MDOC with the last eight years suspended for a total of seventeen years to serve. This sentence was ordered to run concurrently with the sentence issued in Count III (Cause No. 4313), which also required Rogers to serve twenty-five years with eight years suspended – for a total of seventeen years to serve. On November 1, 1999, Rogers was convicted by a jury in Cause No. 5261on one count of possession of cocaine; he received a

sentence of three years in the custody of the Mississippi Department of Corrections.[1]  Finally, on March 23, 2000, Rogers pled guilty in Cause Nos. 5228, 5230 and 5234, to three counts of the sale of cocaine (Counts I, II and III) and was sentenced to eight years on each count to be served concurrently to each other and consecutively with Rogers' previous three year sentence in Cause No. 5261.

Rogers sought relief based on the present claim (miscalculation of his release date) from MDOC's three-step Administrative Remedy Program ("ARP") on July 20, 2006.  His request for relief was treated by ARP to be the first step of the three-step ARP grievance process.  On August 1, 2006, Rogers filed a second letter with ARP – re-urging the claim concerning his sentences.   On March 8, 2007, ARP answered Rogers' complaint and provided a detailed explanation of MDOC's calculation of his sentence, attaching his most current Inmate Time Sheet.  Upon receipt of ARP's answer to Rogers' first-step complaint, Rogers had five days to appeal the response to the Superintendent.  Rogers did not do so.

---

[1] Rogers' 1999 sentencing order is silent on the issue of whether his three year sentence was intended to run concurrently or consecutively with his earlier seventeen year sentence under his 1989 conviction.  However, MISS. CODE ANN. § 99-19-21(2) requires that all sentences for felonies committed while on parole, probation, earned release supervision, post-release supervision, or suspended sentence must be served *consecutive* to the original sentence.  As Rogers' 1999 conviction was for a felony committed while on parole, and the sentencing order is silent on this issue, state law requires that this sentence run consecutively to his earlier sentence.  Rogers was returned to prison for parole violations on April 5, 1999.  Rogers' current Inmate Time Sheet lists this three-year sentence as running concurrently with the earlier sentence, an error benefitting Rogers.

## Procedural Default

Rogers did not complete the three steps of the grievance process. Nor did he challenge the completed process through the state court system – and thus did not present his claim to the Mississippi Supreme Court. As such, he may not proceed in federal court with the instant claim. A state prisoner must present his claims to a state supreme court before he may bring the claims before a federal court for *habeas corpus* review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1730 (1999). Rogers did not follow the procedures outlined above; as such, he did not give the state one full opportunity to resolve any constitutional issues. *O'Sullivan*, 119 S.Ct. at 1732. Rogers can no longer exhaust this claim in state court, as the time for filing his second-step ARP request long ago expired. Thus, his claim in Ground One of the instant petition is procedurally barred and shall be dismissed with prejudice. *O'Sullivan*, 119 S.Ct. at 1734.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause for his default and actual prejudice resulting from it. *Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). Rogers cannot show "cause" for his default because no external impediment prevented him from raising and discussing these claims in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). As Rogers has not shown "cause" for his default, the court need not consider whether applying the bar would result in prejudice to his position. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Finally, the court's decision to apply the procedural bar will not result in a "fundamental miscarriage of justice," an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he

did not commit the crime of conviction" – and does so with new, reliable evidence that was not presented at trial. *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999). To prove that he has suffered from a fundamental miscarriage of justice, Rogers must show that "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). In this case, Rogers does not allege that he is actually innocent of the crimes of his convictions – only that a mathematical error in calculating his total term to serve requires him to serve a longer term than he should. A challenge to the computation of a petitioner's sentence without an allegation of innocence does not qualify as a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). In addition, sentence has been calculated correctly, except that the Mississippi Department of Corrections has run his three-year sentence concurrently with his other sentences, a three-year error in Rogers' favor. As such, a fundamental miscarriage of justice will not result if this court declines to consider Rogers' claims on the merits.

In sum, Rogers' claim that his sentence has been miscalculated is procedurally barred – and is without substantive merit. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of November, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE